IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PAUL PIAZZA,

                Plaintiff,

                                  Civ. Action No.
  v.                              1:11-CV-0957 (DNH/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

DELL LAW OFFICE                   GEORGE P. FERRO, ESQ.
450 New Karner Road
Albany, New York 12205

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN      JOANNE JACKSON, ESQ.
United States Attorney                Special Asst. U.S. Attorney
Northern District of New
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

SOCIAL SECURITY ADMINISTRATION  MARY ANN SLOAN, ESQ.
OFFICE OF REGIONAL                Acting Chief Counsel
GENERAL COUNSEL
Region II
26 Federal Plaza - Room 3904
New York, New York 10278

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Paul Piazza brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for Social Security benefits. In response to plaintiff's complaint, the Commissioner now moves seeking its dismissal based upon Piazza's alleged failure to commence suit within sixty-days of his receipt of the agency's final determination, as required by regulations promulgated pursuant to authority delegated to the Commissioner under section 405(g).

Having carefully considered the chronology leading up to the filing of plaintiff's complaint, I find that the action was not commenced within the statutory sixty-day period and discern no basis to conclude that this case presents the type of rare circumstances warranting the court's invocation of equitable tolling in order to salvage plaintiff's otherwise untimely complaint. Accordingly, I recommend that defendant's motion, which has been converted to an application for the entry of summary judgment, be granted and that plaintiff's complaint be dismissed on this procedural basis without reaching the merits of his claims.

I.   BACKGROUND[1]

On November 17, 2008, plaintiff applied for disability insurance benefits and supplemental security income under the Social Security Act. Jones Decl. (Dkt. No. 7-2) Exh. 1.  Following the initial denial of those applications, a hearing was conducted before Administrative Law Judge ("ALJ") Carl E. Stephan on February 2, 2010 to address plaintiff's request for benefits.  *Id.*  At the close of that hearing ALJ Stephan issued a written decision, dated May 19, 2010, in which he found that plaintiff was not disabled at the relevant times and, accordingly, does not qualify for benefits under the Act.  *Id.*  That decision became a final determination of the agency by operation of a written communication from the Social Security Administration Appeals Council ("SSAC"), dated and mailed on May 25, 2011, denying review of that decision.  Jones Decl. (Dkt. No. 7-2) ¶ 3(a) and Exh. 2.

Notice of the SSAC's action was mailed to the plaintiff at his address in Queensbury, New York; a copy of the notice was also sent to his attorney, George Ferro, Esq.  Jones Decl. (Dkt. No. 7-2) ¶ 3(a).  Jennifer

---

[1] In light of the procedural posture of the case the following recitation is derived from the record now before the court, with all inferences drawn and ambiguities resolved in favor of the plaintiff.  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

L. Storm, Esq., one of plaintiff's attorneys, has stated in a declaration filed with the court that Piazza never received the denial letter from the agency, although a copy of the notice was forwarded to him by his counsel. Storm Decl. (Dkt. No. 9-1) ¶ 4. Attorney Storm further states that the denial notice was not received in her office until June 7, 2011, offering as confirmation of that fact an entry from the firm's case management system records, and suggests as a possible explanation for the delay the fact that the denial notice was written on May 25, 2011, "immediately prior to Memorial Day weekend increasing the likelihood that there was a delay in either delivering the denial to the United States Postal System or with the postal system's mail delivery." *Id.* at ¶ 3.

According to Attorney Storm, on August 8, 2011, the date which her office calculated as the deadline for commencing this action, she attempted to tender to the court a complaint, civil action cover sheet, and *in forma pauperis* ("IFP") application, all signed and dated August 8, 2011, through the district's electronic case filing system. Storm Decl. (Dkt. No. 9-1) ¶ 6. According to Attorney Storm, technological difficulties prevented her firm from accessing the court's electronic case filing system such that, despite multiple telephonic communications between her paralegal,

Jennifer Rouse, and court clerk staff, it was not until Friday, August 12, 2011, that the documents were filed with the court.  Storm Decl. (Dkt. No. 9-1) ¶ 6.  No request was made to the Social Security Administration on behalf of the plaintiff for an extension of time to commence a civil action challenging the agency's determination.  Jones Decl. (Dkt. No. 7-2) ¶ 3(b).

II.     PROCEDURAL HISTORY

As was previously recounted, this action was formally opened by the clerk of the court on August 12, 2011.  Dkt. No. 1.  Instead of answering and supplying the court with an administrative transcript of the proceedings and evidence before the agency, the Commissioner moved on December 16, 2011, seeking dismissal of plaintiff's complaint for failure to commence an action within the prescribed sixty-day time period following receipt of the final determination from the agency.  Dkt. No. 7. Plaintiff has since responded in opposition to defendant's motion, Dkt. No. 9, and a further submission in reply to plaintiff's opposition was filed on behalf of the Commissioner on January 23, 2012.  Dkt. No. 10.

Defendant's motion, which has been converted by the court to a summary judgment motion pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, in light of the submission of evidentiary materials by both

parties, is now fully briefed and ripe for determination, and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(d).[2]  See also Fed. R. Civ. P. 72(b).

III. DISCUSSION

    A. Sixty-Day Time Limit For Commencing Suit

Section 205(g) of the Act, which governs the filing of proceedings seeking judicial review of Social Security administrative determinations, requires that such an action be brought within sixty-days after mailing of the final determination under review "or within such further time as the Commissioner of Social Security may allow."[3]  42 U.S.C. § 405(g).  A

---

    [2] The parties were placed on notice of the conversion and given a further opportunity to materials pertinent to the issues surrounding the motion.  *See* Dkt. Entry Dated 2/15/12.

    [3] That section provides, in relevant part, that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty (60) days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

6

determination of the agency becomes final once the Appeals Council has issued a decision denying review. *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988); *see also* 20 C.F.R. § 404.981.

The sixty-day time period established under section 205(g) is not jurisdictional, but rather is generally regarded as being in the nature of a statute of limitations. *Schroon v. Massanari,* 01CIV2626GBDGWG, 2001 WL 1641241, at *2 (Dec. 21, 2001). Nonetheless, because the section represents a waiver by the federal government of the sovereign immunity which otherwise would protect it from suit, the sixty-day limitation is strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 2029 (1986)*; Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995), *cert. denied*, 519 U.S. 815, 117 S. Ct. 65 (1996); *Duran v. Barnhart,* No. 03 Civ. 1089 (HB), 2003 WL 22176011, at *2 (S.D.N.Y. Sep. 22, 2003); *Davila v. Barnhart*, No. 01CIV.194, 2002 WL 484678, at *1 (S.D.N.Y. Apr. 1, 2002) (citing *City of New York* and *Randell*).

Calculation of the sixty-day period for commencing suit is subject to a regulation, issued by the Commissioner pursuant to the authority conferred by section 205(g), under which the statutory period commences upon a claimant's receipt of the notice of final decision, adding a

presumption that receipt occurs five-days after the date of the notice unless "a reasonable showing to the contrary is made." 20 C.F.R. § 422.210(c); *see Matsibekker v. Heckler* , 738 F.2d 79, 81 (2d Cir. 1984); *Duran*, 2003 WL 22176011, at *2.

In this instance, the SSAC's appeal denial notice, representing the final determination of the agency, is dated May 25, 2011. *See* Jones Decl. (Dkt. No. 7-1) Exh. 2. The record reflects that the notice was mailed on that same date, addressed to both the plaintiff and his attorney. *Id.* at ¶ 3(a). Accordingly, given that no extension was sought and granted, plaintiff's sixty-day period for commencing suit began running on May 30, 2011, absent a court finding that he has made a reasonable showing that he received the notice on a later date. *See Berg v. Bowen*, 699 F. Supp. 184 (S.D.Ind. 1988).

A review of cases addressing what constitutes a reasonable showing sufficient to rebut the five-day presumption of receipt reveals that mere denial of timely receipt, without corroboration, will not ordinarily suffice.[4] *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356-

---

[4] There is a marked split of authority over whether the sixty-day time period begins to run upon receipt of the SSAC's decision by the plaintiff, by the claimant's attorney, or by either, whichever occurs first. See *Pettway,* 233 F. Supp. at 1362. In light of the circumstances of this case, it is unnecessary to stake out a

57 (S.D. Ala. 2002); *see also Ducusin v. Comm'r of Soc. Sec.*, 650 F. Supp. 2d 76 (E.D.C. 2009) (indirect assertion that plaintiff did not receive the SSAC letter provides no basis to extend the five-day presumptive period); *Kinash v. Callahan*, 129 F.3d 736 (5th Cir. 1997) (per curiam) (sworn affidavit from plaintiff to the effect that he did not receive the SSAC notice, without corroboration, is insufficient to rebut the statutory five-day presumption). As one court has observed,

> [c]ourts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a "reasonable showing" sufficient to rebut the regulatory presumption. The result is the same when the plaintiff's affidavit offers an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence. In every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt.

*Pettway,* 233 F. Supp. 2d at 1356-57 (footnotes omitted).

In this instance, plaintiff's attorney has given an affidavit reflecting that the notice of the SSAC's action was received in her office on June 7, 2011, and offers as confirmation of that fact an entry noting receipt of the

---

position concerning this issue.

document in the firm's case filing system on that date. Storm Decl. (Dkt. No. 9-1) ¶ 3. This is the sort of corroborated statement which courts have accepted as constituting a reasonable showing of delayed receipt. *See, e.g., Pettway,* 233 F. Supp.2d at 1358.

Unfortunately, however, while plaintiff's submission establishes late receipt of the notice by his attorney, it does not address whether, and if so when, the notice was received by Piazza. The only evidence offered to support the claim that plaintiff never received the notice is an affidavit from his attorney. It is well-established, however, that an attorney affidavit concerning a plaintiff's non-receipt will not suffice to rebut the five-day presumption of receipt. *See Velazquez v. Massanari*, No. 4:00cv3320, 2002 WL 246760, at *1 (D.Neb. Feb. 21, 2002); *but see Foutty v. Comm'r of Soc. Sec.*, No. 5:10-CV-0551, 2010 WL 2756926, at *4 (N.D. Ohio Jun. 8, 2010) (finding that an attorney affidavit of non-receipt sufficed to constitute a "reasonable showing" rebutting the five-day period based upon a showing that counsel's office "engaged in a series of actions both before the appeals council sent notice of the final decision and after notice had been sent, which are consistent with non-receipt by both counsel and her client."), *report and recommendation adopted*, 2010 WL 2756940

(N.D.Ohio Jul 12, 2010).

Having carefully reviewed the record before the court, I recommend a finding that plaintiff has failed to make a reasonable showing sufficient to rebut the presumption that notice of the SSAC's denial of Piazza's request for review was received on May 30, 2011.[5]  Plaintiff's complaint in this action is therefore untimely if properly regarded as having been filed after July 29, 2011, absent a basis to excuse any late filing.

B.      Equitable Tolling

The finding that plaintiff's complaint in this action was not filed within the sixty-day period following his presumed receipt of the notice of the SSAC's denial of his request for review does not end the inquiry.  It is well-established that the sixty-day period set forth within section 205(g) of the Act is subject to equitable tolling under appropriate circumstances.  See *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S. Ct. 2022, 2030 (1986); *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005); *Velazquez*, 2002 WL 246760, at *2.

---

[5]      Federal Rule of Civil Procedure 6 provides that when an applicable statute does not otherwise specify the manner in computing time, and the last day in the specified time period falls on a legal holiday, such as Memorial Day, "the period continues to run until the end of the next day. . .." Fed. R. Civ. P. 6(a)(1)(C).  May 30, 2011, which was Memorial Day, fell on a Monday.  Even assuming Rule 6 would apply under the circumstances, thus extending plaintiff's deadline to file by one day to July 30, 2011, plaintiff's complaint was untimely by several days.

11

Equitable tolling is a doctrine applied in "'rare and exceptional circumstances,' where [the court finds] that 'extraordinary circumstances' prevented a party from timely performing a required act and that party 'acted with reasonable diligence throughout the period he [sought] to toll.'" *Czernicki v. U.S. Dep't of Justice*, 137 Fed. App'x 409, 410-11 (2d Cir. 2005) (citing and quoting *Doe v. Menefee*, 391 F.3d 147, 159-60 (2d Cir. 2004)) (cited in accordance with Fed. R. App. P.). The doctrine may be applied where a statute of limitations has passed due to "'defective pleading'" or the defendant's "'misconduct'" in preventing the plaintiff from bringing his claim or learning of the cause of action. *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96, 111 S. Ct. 453 (1990); *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998)).

In this instance, plaintiff argues that the sixty-day period should be equitably tolled as of August 8, 2011, the date when efforts to electronically file this action were initiated. Because plaintiff's complaint would have been untimely even if filed on that date, and plaintiff has offered no extraordinary circumstances to warrant a further tolling, I conclude that it is unnecessary to examine whether the actions of plaintiff's counsel on and after August 8, 2011 should suffice to support a

finding of equitable tolling.[6]

IV.   SUMMARY AND RECOMMENDATION

Based upon the record now before the court, plaintiff is presumed to have received notice of the Commissioner's final determination in this matter on May 30, 2011.  The record also discloses that the plaintiff did not commence this action within sixty-days of that date, and no circumstances have been presented warranting the invocation of equitable tolling to salvage plaintiff's otherwise untimely complaint.   While the dismissal of plaintiff's petition for judicial review on the basis of this procedural flaw is an undeniably harsh result, it is unfortunately nonetheless required given the fact that the sixty-day limit in question represents a waiver of sovereign immunity, to be strictly construed in favor of the government.  Based upon the foregoing, it is therefore hereby

RECOMMENDED that defendant's motion for summary judgment

---

[6]   As the Commissioner argues, "the failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute 'extraordinary circumstances' warranting equitable tolling[.]" *See Torres*, 417 F.3d at 280 (citation omitted).  Moreover, in this instance there is reason to question whether plaintiff's counsel diligently pursued efforts to commence this action following the August 8, 2011 failed attempt.  An inquiry to the office of the court clerk has revealed that when an attorney is unsuccessful at commencing an action electronically, court staff works closely with that attorney, and it rarely takes more than a day to remedy any problems.  The clerk's representatives also relate that the option of filing traditionally is always offered as an alternative in such circumstances, particularly when there is an impending statute of limitations deadline.

13

dismissing plaintiff's complaint on the basis of failure to commence suit within sixty days of receipt of the Commissioner's final determination (Dkt. No. 7) be GRANTED, and that plaintiff's complaint in this action be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:   May 4, 2012
         Syracuse, NY