IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

PAUL PIAZZA,

            Plaintiff,

    v.

CAROLYN A. COLVIN, Acting
Commissioner of Social Security,[1]

            Defendant.

Civil Action No.
1:11-CV-0957 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

DELL LAW OFFICE
450 New Karner Road
Albany, New York 12205

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261

OF COUNSEL:

GEORGE P. FERRO, ESQ.

JOANNE JACKSON PENGELLY, ESQ.
Special Assistant U.S. Attorney

---

[1] Plaintiff's complaint named Michael J. Astrue as the defendant, who, at the time this action was commenced, was the Commissioner of Social Security. On February 14, 2013, Carolyn W. Colvin took office as Acting Social Security Commissioner. She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This action, commenced by plaintiff Paul Piazza to challenge a decision by the Commissioner of Social Security denying his application for disability benefits and supplemental security income ("SSI") payments, was dismissed as untimely nearly three years ago. Plaintiff has now moved for relief from the judgment of dismissal and requests reinstatement of his complaint pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that his motion be denied based both upon the inordinate length of time that has passed since the case was closed and on the merits.

I. BACKGROUND

This action eminates from concurrent applications filed by the plaintiff with the Social Security Administration ("SSA") on November 17, 2008, claiming that he is disabled and requesting payment of disability and SSI benefits. Dkt. No. 7-2 at 8. Following a hearing, an SSA administrative law judge ("ALJ") issued a decision denying the applications, finding that plaintiff did not qualify for the benefits because he was not disabled at the relevant times. *Id.* at 8-17. The ALJ's decision became a final determination of the agency on May 25, 2011, when the Social Security

Administration Appeals Council ("SSAAC") issued a letter denying plaintiff's request for review of that decision. *Id.* at 22-24.

Plaintiff, who at the time was represented by counsel, commenced this action on August 12, 2011, seeking judicial review of the Commissioner's administrative determination pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. The Commissioner thereafter moved to dismiss plaintiff's complaint as untimely.[2] Dkt. No. 7. On May 4, 2012, following briefing in connection with the motion, I issued a report recommending that it be granted and that plaintiff's application for judicial review be dismissed based upon the fact that it was not filed within sixty days of the presumed date of his receipt of notice of the Commissioner's final determination. Dkt. No. 12. I also concluded there was no basis to invoke equitable tolling to salvage plaintiff's otherwise untimely complaint. *Id.* That recommendation was adopted by District Judge David N. Hurd on June 18, 2012, and judgment dismissing plaintiff's complaint was entered on the same date. Dkt. Nos. 16, 17.

---

[2]     Based upon the submission of evidentiary materials by both parties, the Commissioner's motion was converted by the court to a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Dkt. No. 12 at 5-6.

3

On February 17, 2015, the plaintiff submitted an application to the court requesting relief from the order and judgment dismissing this action.[3] Dkt. No. 18. Plaintiff's motion is supported by his declaration claiming that he did not receive the SSAAC's letter denying his application for judicial review, dated May 25, 2011, and additionally describing the severe, residual pain that he experiences as a result of his physical condition. *Id.* at 4-6. Plaintiff's motion is opposed by the Commissioner, who argues that it is both untimely and fails to provide any cognizable basis for the court to revisit its earlier determination. Dkt. No. 19.

III. DISCUSSION

    A.    Timeliness of Plaintiff's Motion

Plaintiff's motion implicates both Rule 60(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 7.1(g). Under Rule 60(b), a motion for relief from a final judgment must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see also PRC Harris,*

---

[3] It is not clear whether George P. Ferro, Esq., who is listed on the court's docket as plaintiff's lawyer, was involved in the drafting of plaintiff's motion. Dkt. No. 18. Although the motion papers are not signed by plaintiff's attorney, Attorney Ferro has never been granted leave to withdraw as plaintiff's counsel of record, and, according to the docket sheet, the motion was submitted to the court by Attorney Ferro by way of the court's electronic filing system. *Id.* Because he remains listed as appearing on behalf of plaintiff, and in light of the fact that plaintiff has not provided the court with any alternative contact information, the clerk is directed to forward this report and recommendation to plaintiff through his attorney by way of electronic filing.

4

*Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983). Pursuant to the court's local rules, however, plaintiff's motion must have been filed within fourteen days after the entry of the challenged judgment, "[u]nless otherwise governed by [Rule 60]." N.D.N.Y. L.R. 7.1(g). Because plaintiff's motion specifically relies upon Rule 60(b)(6) in requesting the relief sought, Dkt. No. 18 at 6, I will analyze the timeliness of it under Rule 60, rather than the local rules.[4]

In this circuit, "[i]n considering whether a Rule 60(b)(6) motion is timely, [courts] must scrutinize the particular circumstances of the case, and balance the interest of finality with the reasons for delay." *PRC Harris, Inc.*, 700 F.2d at 897; *accord, Maldonado v. Local 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013). In this instance, plaintiff's motion for reconsideration was filed on February 17, 2015, thirty-two months after the issuance of the court's order dismissing his complaint

---

[4] It is worth noting, however, that courts in this district regularly deny motions for reconsideration due to a litigant's failure to comply with the timeliness provision of rule 7.1(g). *See, e.g., De Deo v. Brown*, No. 09-CV-0946, 2009 WL 3644253, at *1 (N.D.N.Y. Oct. 28, 2009) (McAvoy, J.) (relying on, *inter alia*, rule 7.1(g) of the local rules of practice in concluding that the plaintiff's motion for reconsideration "is . . . untimely and may properly be denied on that basis"); *Carp v. State*, No. 97-CV-1310, 1998 WL 51966, at * 1 (N.D.N.Y. Feb. 5, 1998) (Pooler, J.) (denying the plaintiff's motion for reconsideration of the court's order dismissing his complaint pursuant to rule 7.1(g) of the local rules because the motion was submitted more than thirty days after the dismissal order was filed); *Burke v. Warren Cnty. Sheriff's Dep't*, 890 F. Supp. 133, 140 (N.D.N.Y. June 30, 1995) (Munson, J.) (denying the plaintiff's motion for reconsideration as untimely under rule 7.1(g) of the local rules).

5

for judicial review and the entry of judgment closing the case. Plaintiff's motion offers no justification for such an inordinate delay. Under the circumstances, I recommend a finding that plaintiff's motion under Rule 60(b)(6) was not filed within a reasonable time and should be denied on this procedural basis. *See Maldonado*, 490 F. App'x at 406 (affirming the district court's denial of the plaintiff's motion for reconsideration because he failed to provide any rationale for filing the motion sixteen months after judgment had been entered). Notwithstanding this recommendation, I also considered the merits of the motion out of an abundance of caution.

B.    <u>Merits of Plaintiff's Motion</u>

As was noted above, plaintiff's motion specifically relies upon Rule 60(b)(6) in seeking relief from Judge Hurd's order dismissing his complaint and the judgment entered thereafter. Dkt. No. 18 at 3. In relevant part, that rule provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In this circuit, "[i]t is well established . . . that a 'proper case' for Rule 60(b)(6) relief is one of 'extraordinary circumstances,' or 'extreme hardship.'" *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (quoting *Ackerman v. United States*, 340 U.S. 193, 199 (1950)); *accord, Harris v. United States*, 367

F.3d 74, 81 (2d Cir. 2004). The application of Rule 60(b)(6) "is to be used sparingly." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013).

In this case, plaintiff offers no basis to conclude the court erred in its dismissal of his complaint. While he now denies having received the SSAAC decision rejecting his request for review and triggering the sixty-day period within which to file an appeal in this court, his application does not reflect any new evidence not known to the him or his lawyer at the time the court considered the Commissioner's motion for summary judgment.[5] Moreover, plaintiff's application is in conflict with statements made by his lawyer in opposition to the Commissioner's motion. In the pending motion, plaintiff alleges that his attorney only received an actual copy of the SSAAC decision as part of a facsimile transmission sent on August 2, 2013. Dkt. No. 18 at 2. In a submission provided to the court in January 2012, however, Jennifer Storm, Esq., one of plaintiff's attorneys, stated that the SSAAC's decision was received by her office on June 7, 2011. Dkt. No. 9-1 at 1.

Because the plaintiff has not demonstrated the type of extraordinary circumstances required under the exacting standard applicable to motions

---

[5] Notably, in his response to the Commissioner's motion, plaintiff did not submit an affidavit or declaration denying receipt of the SSAAC decision. *See generally* Dkt. No. 9.

brought under Rule 60(b)(6) in this circuit, and being convinced that the court's earlier determination was not clearly erroneous, I recommend that the pending application for reconsideration be denied on the merits.

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's motion for relief from the court's order and resulting judgment dismissing his complaint in this action, filed nearly three years after the issuance of the order, is patently untimely. Moreover, even if the motion were deemed timely, it nonetheless would be subject to denial because it fails to demonstrate a sufficient basis for the extraordinary relief sought under Rule 60(b)(6). Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's motion for relief from the court's prior order and judgment dismissing his complaint in this action, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 18), be DENIED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: April 10, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge